**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

HERIBERTO OFRAY-CAMPOS,

    Defendant,

       v.                                               CR. NO. 02-393 (PG)

UNITED STATES OF AMERICA,

    Plaintiff.

**OPINION AND ORDER**

Pending before the Court, is the Motion for a New Trial (Docket No. 731) of defendant Heriberto Ofray-Campos ("Ofray") pursuant to FED. R. CRIM. P. 33. On November 17, 2009, Ofray filed a Motion Requesting an Answer (Docket No. 1731), asking the Court to rule on the merits of the Rule 33 motion. In said motion, Ofray avers that the First Circuit Court of Appeals's order remanding the Rule 33 motion to the District Court for a ruling on its merits has not been complied with. See United States v. Ofray-Campos, 524 F.3d 1, 36 (1st Cir. 2008). For substantially similar reasons as those set forth in the First Circuit's Ofray-Campos decision, the motion for a new trial is **DENIED**.

**I. BACKGROUND**

On October 4, 2002, a federal grand jury in the District of Puerto Rico returned a two-count Indictment charging forty-three defendants with conspiracy to distribute five (5) kilograms or more of cocaine, fifty (50) grams or more of crack, and one (1) kilogram or more of heroin, in violation of 21 U.S.C. §§ 841 and 846. The charges arose from the defendants' alleged participation in a heroin, powder cocaine, crack, and marijuana ring

denominated "Las Avispas." This ring operated drug distribution centers in the Guayama and Salinas regions of Puerto Rico, from April 1993 to September 2002. Of the forty-three defendants who were indicted, thirty-seven pled guilty, and the rest, including Ofray, opted to go to trial. Trial began on August 5, 2003 and concluded on September 29, 2003. The jury found Ofray and all of the other defendants guilty. Ofray appealed, but the First Circuit affirmed his conviction and sentence.

In the motion for a new trial, Ofray takes issue with the Court's evidentiary ruling at trial on September 5, 2003, during the cross-examination of the Government's witness, Alexander Candelario. The Court granted the Government's objection to the use of evidence of the witness' motive and bias, including the proffer of testimony by Ofray that he had hostile family relations with the witness and the use of testimony by Agent Irving Ofray as a defense witness. Ofray submits that Candelario's bias induced him to fabricate evidence against Ofray and that the refusal to admit evidence of his bias or motive violated the Sixth Amendment's Confrontation Clause. Ofray argues that the exclusion of this evidence seriously harmed his defense, contributed substantially to his guilty verdict, and was an abuse of discretion meriting a new trial.

## II. DISCUSSION

The First Circuit's opinion in Ofray-Campos provides the reasoning and justification for denying the motion for a new trial, as Ofray's appeal raised precisely the same argument being made in the motion for a new trial. While the First Circuit remanded the Rule 33 motion to the District Court, it also held that the limitation on the defendant's cross-examination was harmless error. See Ofray-Campos, 534 F.3d at 37. Thus if the error that Ofray argues violated his Sixth Amendment rights and merited a new trial was deemed

harmless by the Court of Appeals, then the grounds for a new trial fall away because, at the end of the day, there has been no miscarriage of justice and the evidence does not preponderate heavily against the verdict. We expound as follows.

Under the Confrontation Clause, a defendant has a right to cross-examine the government's witness about his bias against the defendant and his motive for testifying. Ofray-Campos, 534 F.3d at 36 (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). Nevertheless, the right to cross-examine the witness is not without limits, and trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. Id. (internal citations and quotations marks omitted). The trial judge's latitude in shaping the restrictions on cross-examination regarding bias is wide and these restrictions are considered erroneous only if they are manifestly unreasonable or overbroad. See id. "To establish that the district court has abused its discretion, the defendant must show that the limitations imposed were clearly prejudicial." Id. (quoting United States v. Williams, 985 F.3d 634, 639 (1st Cir. 1993)). Should any error be revealed, the appellate court may affirm the conviction if it is confident that the error was harmless beyond a reasonable doubt. Id. (quoting United States v. Martinez-Vives, 475 F.3d 48, 53 (1st Cir. 2007) (internal quotation marks omitted)).

The First Circuit found error in the ruling of the Court limiting the scope of cross-examination to exclude evidence of Candelario's bias and motive, which was excluded under the collateral matter rule. See Ofray-Campos, 534 F.3d at 37. Yet, the court held that "[a]ny error, however, was harmless, because the jury was confronted with other testimony that

established that Ofray sold large quantities of drugs and regularly carried weapons in connection with his role as the operator of several drug points." Id. The court noted that "the Government's proof of Ofray's participation in the charged conspiracy was overwhelming" and that "the success of the Government's proof did not turn on the jury's determination of Candelaria's credibility." Id. In sum, the First Circuit noted, that the "decision to limit the cross-examination of Candelaria, even if erroneous, was harmless in light of overwhelming evidence of Ofray's guilt." Id.

"Motions for a new trial are directed to the broad discretion of the trial judge, who may weigh the evidence and evaluate the credibility of witnesses in considering such a motion." United States v. Wilkerson, 251 F.3d 273, 278 (1st Cir. 2001) (quoting United States v. Indelicato, 611 F.2d 376, 387 (1st Cir. 1979)). "However, the remedy of a new trial is sparingly used, and then only where there would be a miscarriage of justice . . . and where the evidence preponderates heavily against the verdict." Id. (internal citations and quotation marks omitted); see also United States v. Villarman-Oviedo, 325 F.3d 1, 15 (1st Cir. 2003)(the denial of a motion for a new trial is reviewed in "manifest-abuse-of-discretion terms" in light of Rule 33 authorizing the grant of a new trial if required in the interest of justice and where "the evidence preponderates heavily against the verdict.") In this case, the error is not a prejudicial act that may have resulted in an unfair trial. It is clear that the jury did not reach a seriously erroneous result in its verdict. There has been no miscarriage of justice and, as the First Circuit held in Ofray-Campos, the evidence preponderates heavily *in favor*, not against, the verdict.

## III. CONCLUSION

For the reasons detailed above, the Court hereby **DENIES** Ofray's motion for a new trial.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, February 9, 2010.

<u>S/ JUAN M. PEREZ-GIMENEZ</u>
JUAN M. PEREZ-GIMENEZ
U.S. DISTRICT JUDGE